Approved, SCAO

| | | |
|---|---|---|
| Original - Court | 1st Copy - Defendant | 2nd Copy - Plaintiff | 3rd Copy - Return |

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>22-008970-CZ<br>Hon. Dana Margaret Hathaway |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226                    Court telephone no.: 313-224-2444

| Plaintiff's name(s), address(es), and telephone no(s)<br>Hall, Timothy | v | Defendant's name(s), address(es), and telephone no(s).<br>City of Detroit |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Christian P. Collis 54790<br>28588 Northwestern Hwy Ste 100<br>Southfield, MI 48034-8335 | | RECEIVED<br>AUG 03 2022<br>CITY OF DETROIT<br>LAW DEPARTMENT |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.              **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>7/28/2022 | Expiration date*<br>10/27/2022 | Court clerk<br>Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)          **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

TIMOTHY HALL,

        Plaintiff,

v

BLAKE NAVARRE,
CO'VOSIEE D. COWAN,
and TIMOTHY BARR,
in their individual capacities;
the CITY OF DETROIT,

        Defendants.

Case No: 22-_____-CZ

Hon. _____

_____/

ROBERT M. GIROUX (P47966)
CHRISTIAN COLLIS (P54790)
**GIROUX TRIAL ATTORNEYS P.C.**
Attorneys for Plaintiffs
28588 Northwestern Highway, Suite 100
Southfield, MI 48034
(248) 531-8665
ccollis@greatmiattorneys.com
_____/

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court.

*/s/ Christian P. Collis*
Christian P. Collis (P54790)

Plaintiff, TIMOTHY HALL, through his attorneys, Giroux Trial Attorneys P.C., hereby states for his Complaint against Defendants, BLAKE NAVARRE, CO'VOSIEE D. COWAN, TIMOTHY BARR, and the CITY OF DETROIT, as follows:

1

## JURISDICTION AND VENUE

1. This is a civil action for money damages brought pursuant to the United States Constitution and Michigan law against Defendants, Blake Navarre, Co'Vosiee D. Cowan and Timothy Barr, in their individual capacities, and against the City of Detroit under *Monell*.

2. This court has jurisdiction over Plaintiff's claims presented in this Complaint based upon the Michigan Constitution and the events giving rise to this cause of action occurred in the City of Detroit, County of Wayne, State of Michigan, and Defendant DPD is a governmental entity of the City of Detroit that operates in Wayne County.

3. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, excluding interest, costs and attorney fees.

## PARTIES

4. Plaintiff, Timothy Hall, is, and at all times relevant to this action was, a resident of the City of Detroit, Wayne County, Michigan.

5. Upon information and belief, Defendant, Blake Navarre, is a citizen of the State of Michigan and, at all times relevant to this action, was employed as a law enforcement officer by the City of Detroit Police Department.

6. Upon information and belief, Defendant, Co'Vosiee D. Cowan, is a citizen of the State of Michigan and, at all times relevant to this action, was employed as a law enforcement officer by the City of Detroit Police Department.

7. Upon information and belief, Defendant, Timothy Barr, is a citizen of the State of Michigan and, at all times relevant to this action, was employed as a law enforcement officer by the City of Detroit Police Department.

8. Defendant City of Detroit is a Michigan municipal corporation, duly organized

and carrying on governmental functions in the City of Detroit, County of Wayne, State of Michigan, and is the body responsible for the control and oversight of its departments, agencies and facilities including the Detroit Police Department, as well as its police officers, including, but not limited to the individual defendants.

9.  On August 22, 2020 and August 23, 2020, at the time of the events alleged in this Complaint, Defendants, Blake Navarre, Co'Vosiee D. Cowan, and Timothy Barr, were at all times acting in their individual capacities within the course and scope of their employment as law enforcement officers with the City of Detroit Police Department and under color of law.

## FACTUAL ALLEGATIONS

10. The death of George Floyd at the hands of Minneapolis police officers on May 25, 2020 sparked ongoing nationwide protests against unjustified police violence and systemic racism.

11. Beginning on May 29, 2020 and continuing through the subject incident on August 22, 2020 to August 23, 2020, peaceful protestors gathered in downtown Detroit for near-daily demonstrations to peacefully protest police brutality against African-Americans in Detroit and throughout the nation.

12. During each day of the demonstrations, beginning on May 29, 2020 and continuing thereafter, peaceful protesters were subjected to unnecessary, unreasonable and excessive force inflicted by officers, including but not limited to the Defendants, who were all acting with the course and scope of their employment as law enforcement officers with the City of Detroit Police Department and under color of law.

13. This unnecessary, unreasonable and excessive force included, among other things, tear-gassing peaceful protestors, pepper spraying peaceful protestors, beating peaceful protestors,

3

shooting peaceful protestors with rubber bullets, blasting peaceful protestors with deafening and disorienting sound cannons and flash grenades, and putting peaceful protestors in chokeholds.[1]

14. During each day of the demonstrations, beginning on May 29, 2020 and continuing thereafter, peaceful protesters were arrested and charged with crimes en masse without probable cause, by officers, including but not limited to the Defendants, who were all acting within the course and scope of their employment as law enforcement officers with the City of Detroit Police Department and under color of law.

15. On or about August 22, 2020 and/or August 23, 2020 (at approximately midnight), Plaintiff was standing on a sidewalk adjacent to Woodward Avenue during a peaceful protest in downtown Detroit.

16. During this protest, Plaintiff voiced his concerns regarding both the City of Detroit's and DPD police officers' conduct, specifically opposing the systemic racism, racial disparity and racial injustice that the City of Detroit and DPD officers have inflicted on residents of the City of Detroit.

17. As Plaintiff stood on the sidewalk participating in the protest and observing the peaceful protestors, dozens of Detroit Police Officers with riot gear marched at the peaceful protestors and deployed tear gas:

---

[1] https://www.metrotimes.com/news-hits/archives/2020/06/01/detroit-police-turned-violent-firing-tear-gas-and-flash-grenades-into-a-peaceful-crowd-on-sunday; https://www.freep.com/story/news/local/michigan/detroit/2020/08/23/detroit-protest-downtown-police-arrests/3423820001/

4



18.    Suddenly, without any warning, Defendant Navarre charged Plaintiff from behind, tackled Plaintiff onto the pavement, and dragged Plaintiff down Woodward Avenue:



6





19. Defendant Navarre's brutal, unjustified attack on Plaintiff was captured on video by several sources and the videos were included in footage aired on WXYZ Action News Detroit on August 25, 2020.[2]

20. Just minutes before Defendant Navarre pounced on Plaintiff, Defendant Navarre boasted to his fellow officers that he intended to hurt someone, "Alright, I like my class tactic. Go this way, cut over, fuck someone up."[3]

21. Following Navarre's unjustified violent assault on Plaintiff, Plaintiff sat in the street with his wrists zip tied behind his back and blood streaming down his face while a volunteer medic checked on his injuries:



22. Defendant Co'vosiee Cowan arrested Plaintiff for "Disorderly Conduct" and "Obstructing Justice."

23. Defendant Timothy Barr issued Plaintiff a citation for "disorderly conduct" (misdemeanor offense), "disobey lawful order of a police officer" (misdemeanor offense), and

---

[2] https://www.youtube.com/watch?v=1HtnQ5-Npv8 (at 0:56-1:02; 1:12-1:20).
[3] https://www.facebook.com/detroitwillbreathe/videos/323943289435101/ (at 19:34).

8

"blockade moving lane of traffic" (civil infraction).

24. Defendants took Plaintiff into custody and transported him to the Detroit Detention Center, where he was booked and held pending his release on bond.

25. None of the Defendants observed Plaintiff commit any violent felony or crime at any time prior to or during Defendant Navarre's brutal, unjustified physical attack on the Plaintiff.

26. Plaintiff did not have a weapon and did not display any object that appeared to be a weapon at any time prior to or during Defendant Navarre's brutal, unjustified physical attack on the Plaintiff.

27. Plaintiff did not threaten, in any way, any of the Defendants at any time prior to or during Defendant Navarre's brutal, unjustified physical attack on the Plaintiff.

28. Plaintiff did not pose an immediate threat of harm to any of the Defendants or any other person in the immediate vicinity at any time prior to or during Defendant Navarre's brutal, unjustified physical attack on the Plaintiff.

29. Plaintiff did not pose any realistic likelihood of risk of flight at any time prior to or during Defendant Navarre's brutal, unjustified physical attack on the Plaintiff.

30. Defendant Navarre did not have a justifiable reason to use the force that he deployed at any time prior to or during his brutal, unjustified physical attack on the Plaintiff.

31. Defendants did not have probable cause to believe that Plaintiff had committed a criminal offense or that he was committing a criminal offense.

32. Defendants did not have probable cause to arrest Plaintiff and/or to initiate charges being brought against him.

33. Defendants' actions were willful, wanton, malicious, oppressive, and done with

conscious or reckless disregard for Plaintiff's rights.

34. As a direct and proximate result of the wrongful acts and omissions of Defendants, Plaintiff sustained severe and permanent injuries, including, but not limited to, injuries to his head, lacerations to his face requiring sutures, and fractures to his left hand, and Plaintiff was falsely arrested and charged.

35. Subsequently, all of the erroneous charges that Defendants initiated against Plaintiff were dropped.

## COUNT I
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## ALL INDIVIDUAL DEFENDANTS

36. Plaintiff hereby incorporates by reference each of the allegations contained in previous paragraphs as though fully set forth herein.

37. Defendants intentionally and deliberately, or with a reckless disregard for the truth, made false statements, material misrepresentations and/or omissions in order to justify the unreasonable search, seizure, detainment and prosecution of Plaintiff.

38. Defendants' intentional conduct described above was unlawful and not undertaken in good faith, but rather, with malice and/or wanton or reckless disregard of Plaintiff's rights.

39. Defendants' actions were intentional, extreme, and outrageous.

40. Plaintiff suffered severe emotional distress as a result of Defendants excessive and severely unreasonable conduct as described above.

41. As a direct and proximate result of Defendants' violation of Plaintiff's constitutionally-protected rights, Plaintiff has suffered and will continue to suffer damage into the future, including but not limited to:

a. Physical pain and suffering;
b. Mental anguish;
c. Severe emotional distress;
d. Fright and shock;
e. Denial of social pleasures and enjoyment;
f. Humiliation or mortification;
g. Reasonable medical bills and expenses for the past, present and future;
h. Punitive damages;
i. Exemplary damages; and
j. All other damages properly recoverable under law.

WHEREFORE, Plaintiff, Timothy Hall, respectfully requests this Honorable Court enter a judgment in his favor against Defendants Blake Navarre, Co'Vosiee D. Cowan, and Timothy Barr, and award compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and actual attorney fees.

## COUNT II
## MUNICIPAL LIABILITY—INADEQUATE POLICIES/ PROCEDURES/ CUSTOMS, FAILURE TO TRAIN, RATIFICATION/ACQUIESENCE AS TO DEFENDANT CITY OF DETROIT

42. Plaintiff hereby incorporates by reference each of the allegations contained in previous paragraphs as though fully set forth herein.

43. Pursuant to 42 U.S.C § 1983, as well as the First, Fourth and Fourteenth Amendments to the United States Constitution, Defendant City of Detroit owed Plaintiff certain duties to properly hire, supervise, monitor, and train the above-named individual Defendants as well as its other officers so as not intentionally violate the constitutional rights of individuals, including by using deliberate, unnecessary, unreasonable, excessive, and/or illegal force; by unlawfully and unreasonably arresting, detaining and initiating criminal charges absent the existence of probable cause in violation of the constitutional rights of those individuals; and retaliating against Plaintiff based on his First Amendment speech.

44. Defendant City of Detroit is liable pursuant to 42 U.S.C § 1983, in that its

policies, procedures, regulations, and customs (or that it failed to enact policies, procedures, regulations, and customs), such that these policies, procedures, regulations, and customs, or lack thereof, caused and was the driving force behind the violation of Plaintiff's constitutional rights.

45. At all material times, the individual Defendants were acting within the scope of their employment and/or color of law and therefore owed Plaintiff the duty to avoid a violation of his constitutionally guaranteed rights.

46. Upon information and belief, Defendants were instructed by DPD leadership to be at these protests and were instructed to take various act(s)--including the use of violence and pursuing criminal charges—against the protestors for no other reason than they were protesting.

47. For purposes of the First Amendment and Section 1983, Plaintiff engaged in protected activity when he opposed—both in his presence at the protest and in his words—the systemic racism and racial injustice promulgated by the City of Detroit and its police officers.

48. Plaintiff's opposition was a matter of public concern as the City and DPD's systemic racism and racial injustice was ongoing and negatively impacted other citizens and their rights.

49. Various officers during this protest made threatening statements to protesters that unless they stopped protesting, which establishes the entire DPD's (including these specific Defendants) animus towards Plaintiff's First Amendment protected activity.

50. As a result of Plaintiff's peaceful protest and opposition to the City of Detroit's ongoing systemic racism and racial injustice, Plaintiff was subsequently assaulted, zip tied on the street, arrested, and frivolously charged with disorderly conduct/obstruction of justice.

51. The above referenced adverse conduct taken in response to Plaintiff's protected activity is an adverse action for purposes of a 1983 retaliation claim.

52. Plaintiff's protected activity involved a matter of public concern and occurred in close proximity to Defendants' above-referenced adverse treatment.

53. These adverse actions taken by Defendant officers were done as agents of Defendant City of Defendant and at the instruction of City officials; namely the Chief of Police.

54. Defendant City of Detroit's agents and/or supervisors with official decision-making authority ratified and/or encouraged this retaliation by sending officers (such as Defendants) to the protests with instructions to use whatever force necessary to deter further protests and to intimidate and harass the protesters by using methods like tear gassing the protesters.

55. Defendant City of Detroit's agents and/or representatives failure to control/supervise/train the individual Defendant officers regarding retaliation and their treatment of peaceful protesters such as Plaintiff constitutes deliberate indifference and a custom/policy that was a motivating factor behind the adverse action.

56. Upon information and belief, the Defendant officers acted in accordance with orders given by supervisors from the highest command positions, in accordance with policies and procedures instituted by the DPD and the City of Detroit. Moreover, the sheer frequency with which such techniques have been used—at different times, in different places, by different officers, and after prior publicized uses of such methods—makes it clear that what occurred to Plaintiff reflects a pattern and practice of misconduct rather than isolated incidents.

57. From the onset of the protests in May of 2020, the City of Detroit and its highest-ranking officials received ample notice that DPD officers were using excessive force and tactics to suppress the lawful, peaceful protests resulting in significant injuries to peaceful protesters.

58. Despite this ongoing notice, the City of Detroit and its highest-ranking officials took no responsive action; instead they continued to order officers to use unnecessary force and other violent, intimidating tactics, including but not limited to arresting and charging peaceful protesters such as Plaintiff absent probable cause.

59. Bolstering the City's role in Plaintiff's constitutional deprivations, Police Chief James Craig endorsed DPD officers previous conduct on July 28, 2020 (after violence was perpetrated against protestors but before the incident(s) with Plaintiff) when he said he was, "ecstatic over the men and women in the Detroit Police Department."

60. The City of Detroit's highest officials did not just acquiesce to ongoing retaliatory/constitutional violations against protestors, they encouraged it; which establishes a custom and/or policy and was the proximate cause of the deprivation of Plaintiff's constitutional rights and was done with intentional reckless indifference.

61. The unconstitutional conduct of the individually named officers herein was committed pursuant to the customs, policies and/or practices of Defendant City of Detroit.

62. Defendants retaliated against Plaintiff by using violent tactics, ticketing, and arresting him in a manner completely dissimilar to methods used by DPD Officers in response to other protests not addressing these matters of public concern—systemic racism and racial injustice promulgated by the City of Detroit and its police officers.

63. Defendant's callous and repeated disregard for Plaintiff's rights rises to a level of deliberate indifference.

64. Defendant City of Detroit is liable pursuant to 42 U.S.C § 1983, in that its policies, procedures, regulations, and customs, or that it failed to enact policies, procedures, regulations, and customs, such that these policies, procedures, regulations, and customs, or lack

58. Despite this ongoing notice, the City of Detroit and its highest-ranking officials took no responsive action; instead they continued to order officers to use unnecessary force and other violent, intimidating tactics, including but not limited to arresting and charging peaceful protesters such as Plaintiff absent probable cause.

59. Bolstering the City's role in Plaintiff's constitutional deprivations, Police Chief James Craig endorsed DPD officers previous conduct on July 28, 2020 (after violence was perpetrated against protestors but before the incident(s) with Plaintiff) when he said he was, "ecstatic over the men and women in the Detroit Police Department."

60. The City of Detroit's highest officials did not just acquiesce to ongoing retaliatory/constitutional violations against protestors, they encouraged it; which establishes a custom and/or policy and was the proximate cause of the deprivation of Plaintiff's constitutional rights and was done with intentional reckless indifference.

61. The unconstitutional conduct of the individually named officers herein was committed pursuant to the customs, policies and/or practices of Defendant City of Detroit.

62. Defendants retaliated against Plaintiff by using violent tactics, ticketing, and arresting him in a manner completely dissimilar to methods used by DPD Officers in response to other protests not addressing these matters of public concern—systemic racism and racial injustice promulgated by the City of Detroit and its police officers.

63. Defendant's callous and repeated disregard for Plaintiff's rights rises to a level of deliberate indifference.

64. Defendant City of Detroit is liable pursuant to 42 U.S.C § 1983, in that its policies, procedures, regulations, and customs, or that it failed to enact policies, procedures, regulations, and customs, such that these policies, procedures, regulations, and customs, or lack

14

known to engage in improper use of excessive force or the unlawful and unreasonable seizures of individuals with no probable cause;

h. Failing to supervise and/or train Officers to prevent violation of citizens' Constitutional rights;

i. Sanctioning the use of excessive force or the unlawful and unreasonable seizure of individuals without probable cause by failing to adequately discipline or terminate officers who were known to have violated the Constitutional right of citizens on prior occasions, including but not limited to the above-named individual officers;

j. Having a custom, policy, or practice of tolerating the violation of constitutional rights by officers;

k. Sanctioning and encouraging officers (specifically these individual officers but also all officers who were tasked with policing the peaceful protests at issue here) to violate the constitutional rights of peaceful protesters;

l. Failing to take corrective action (instead encouraging it) upon notice that DPD officers were routinely violating the constitutional rights of peaceful protesters in the exact manner that Plaintiff's rights were violated;

m. Ratifying the violation of constitutional rights by officers;

n. Other acts and omissions which may be learned through the course of discovery.

66. Defendant's callous and repeated disregard for Plaintiff's rights rises to a level of deliberate indifference.

67. As a direct and proximate result of Defendant's violation of Plaintiff's constitutionally-protected rights, Plaintiff has suffered and will continue to suffer damage into the future, including but not limited to:

    a. Physical pain and suffering;
    b. Mental anguish;
    c. Severe emotional distress;

    d. Fright and shock;
    e. Denial of social pleasures and enjoyment;
    f. Humiliation or mortification;
    g. Reasonable medical bills and expenses for the past, present and future;
    h. Punitive damages;
    i. Exemplary damages; and
    j. All other damages properly recoverable under law.

68. Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendant City of Detroit is liable to Plaintiff for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants City of Detroit and Chief Craig, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as any other damages allowable under federal law wrongfully incurred, as the Court deems just.

Respectfully submitted,

*/s/ Christian P. Collis*
CHRISTIAN COLLIS (P54790)
ROBERT M. GIROUX (P47966)
Giroux Trial Attorneys
Attorneys for Plaintiff
28588 Northwestern Highway,
Suite 100
Southfield, Michigan 48034
(248) 531-8665
ccollis@greatMIattorneys.com

Dated: July 28, 2022

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

TIMOTHY HALL,

    Plaintiff,

Case No: 22-_____-CZ

v

Hon. _____

BLAKE NAVARRE,
CO'VOSIEE D. COWAN,
and TIMOTHY BARR,
in their individual capacities;
the CITY OF DETROIT,

    Defendants.
_____/

ROBERT M. GIROUX (P47966)
CHRISTIAN COLLIS (P54790)
**GIROUX TRIAL ATTORNEYS P.C.**
Attorneys for Plaintiffs
28588 Northwestern Highway, Suite 100
Southfield, MI 48034
(248) 531-8665
ccollis@greatmiattorneys.com
_____/

## JURY DEMAND

Plaintiff, Timothy Hall, through his attorneys, Giroux Trial Attorneys, P.C., hereby demands a Trial by Jury in this matter.

    Respectfully submitted,

    */s/ Christian P. Collis*
    CHRISTIAN COLLIS (P54790)
    ROBERT M. GIROUX (P47966)
    Giroux Trial Attorneys
    Attorneys for Plaintiff
    28588 Northwestern Highway,
    Suite 100
    Southfield, Michigan 48034
    (248) 531-8665
Dated: July 28, 2022    ccollis@greatMIattorneys.com